KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
SUSAN E. SLAGER, State Bar No. 162942
Supervising Deputy Attorney General
KRISTIN M. DAILY, State Bar No. 186103
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-6989
 Fax: (916) 324-5567
 E-mail: Kristin.Daily@doj.ca.gov
*Attorneys for Defendant
Department of Health Care Services*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PHILLIP K. SAUD,** | 2:14-cv-02536-GEB-AC |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| **STATE OF CALIFORNIA, DEPARTMENT OF HEALTH CARE SERVICES,** | |
| Defendant. | |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

 1. In connection with discovery proceedings in this action, the parties hereby designate specified documents as "CONFIDENTIAL" under the terms of this Stipulated Protective Order (hereinafter "Order"). The documents protected pursuant to this Order have not been made public and the disclosure of said documents would have the effect of causing harm.

 2. The documents eligible for protection under this order include:

 A. Any employment record of Plaintiff Phillip Saud, or any other employee of the Department of Health Care Services.

1

   B.   All medical/psychological/psychiatric records of Plaintiff Phillip Saud, including but not limited to billing records.

   3.   By designating documents as "CONFIDENTIAL" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation.

   4.   Documents produced by a party shall be designated by the party as "CONFIDENTIAL" by bates stamping copies of the document with the word "CONFIDENTIAL."

   5.   Documents designated as "CONFIDENTIAL" under this Order (hereinafter, "Confidential Material"), the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

   6.   Confidential Material produced pursuant to this Order may be disclosed or made available only to: (1) the parties; (2) counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel and independent office services vendors hired by such counsel); (3) the court and its personnel; (4) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; (5) during their depositions, witnesses in the action to whom disclosure is reasonably necessary; and (6) the author or recipient of a document containing the information. Confidential Material may be provided to any expert retained for consultation and/or trial.  In the event that Confidential Material is given to an expert, counsel that retained the expert shall provide a copy of this Order with the Confidential Material. In the event that Confidential Material is given to a person identified in section (4) or (5), said person shall be provided a copy of this Order with the Confidential Material.

   7.   If a party would like to use Confidential Material in Court filings, all personally identifying information, including but not limited to, address, age, social security number, home phone number, home address and drivers license number shall be redacted from the document.

///

8. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use.

9. This Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

10. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

11. This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.

12. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation

///

1 | by electing not to mount a challenge promptly after the original designation is disclosed.

2 | **IT IS SO STIPULATED.**

3 | Dated: April 7, 2015                                         Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
SUSAN E. SLAGER
Supervising Deputy Attorney General

*/s/ Kristin M. Daily*

KRISTIN M. DAILY
Deputy Attorney General
*Attorneys for Defendant
State of California Department of Health
Care Services*

12 | Dated: April 7, 2015                                         /s/  Joseph E. Maloney

_____
Joseph E. Maloney, Attorney at Law,
*Attorney for Plaintiff Phillip K. Saud*

16 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

18 | DATED: April 8, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

SA2014119011
11829156.doc

4

STIPULATED PROTECTIVE ORDER (2:14-cv-02536-GEB-AC)