UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP K. SAUD,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, DEPARTMENT OF HEALTH CARE SERVICES,<br><br>        Defendant. | No. 2:14-cv-02536-GEB-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Defendant moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of counts 1, 2, 3, 4, 5, 8, 9, 12, and 13 in Plaintiff's Complaint, and also under Rule 12(e) for a more definite statement of all counts.[1] Defendant argues the challenged portions of Plaintiff's Complaint consist of conclusory allegations that Plaintiff was discriminated against in his employment as an attorney with Defendant by being denied promotions because of his national origin, gender, and religion, in violation of Title VII of the federal Civil Rights Act of 1964 ("Title VII") and the California Fair Employment and Housing Act ("the FEHA").

---

[1] Defendant initially moved to dismiss counts 6, 7, and 16, but Plaintiff voluntarily dismissed count 16, (Opp'n to Mot. to Dismiss 2:1-4, ECF No. 7), therefore, the motion challenging count 16 is denied as moot. Further, Defendant withdrew its dismissal motion in its reply brief that challenged counts 6 and 7. (Def.'s Reply Br. 2:22-24, ECF No. 8.)

1

## I. FACTUAL BACKGROUND

The following allegations in Plaintiff's Complaint concern the motion. Plaintiff alleges he is "a male [and] a naturalized citizen, having emigrated from . . . Jordan," and "he is not Jewish." (Compl. ¶ 4.) Plaintiff also alleges he "has been subjected to a pattern and practice of discrimination . . . based on his gender, national origin, and religious creed." (Id.)

In June of 2013, Plaintiff was a "limited term Attorney III" on Defendant's Mental Health and Substance Use Disorder ("MHSUD") team. (Id. ¶ 7.) At that time, Plaintiff applied for Assistant Chief Counsel, and was not selected. (Id.) Rather, "a Jewish woman with just one year of experience in [the Department of Healthcare Services ("DHCS")]" was selected. (Id.) "On November 5, 2013, [P]laintiff applied for an Attorney III position on the Healthcare Delivery System ("HCDS") team." (Id. ¶ 23.) Plaintiff was interviewed twice, with his second interview occurring on January 3, 2014. (Id.) However, on or around January 6, 2014, the hiring attorney "decided not to select anyone for the position, and to re-post the position instead." (Id.)

"On November 22, 2013, [P]laintiff's supervisor . . . told him she would not transition [Plaintiff's limited term appointment on the MHSUD team] . . . to a permanent position." (Id. ¶ 11.) Instead, Plaintiff was "demoted to an Attorney I on another team." (Id.) As a result, the positon was left vacant. (Id. ¶ 17.) On December 5, 2013, Plaintiff applied for the vacancy on the MHSUD team, and "[o]n February 12, 2014, [he] was notified that he was not selected." (Id.) Plaintiff alleges that "all three selectees were women, whose religion [P]laintiff does

2

1  not know." (Id.)

2  In May of 2014, Plaintiff again applied for the
3  Attorney III position on the HCDS team after it was re-posted.
4  (Id. ¶ 29.) "Plaintiff was interviewed but not selected." (Id.)
5  Instead, a "woman . . . who was an attorney with the Department
6  of Corporations" was selected. (Id.) Also in May of 2014,
7  "[P]laintiff applied for a position as [Assistant Chief Counsel]
8  on the HCDS team." (Id. ¶ 40.) "Plaintiff was interviewed but not
9  selected," and instead, a "woman . . . who had no [relevant]
10 experience" was selected, but "she was never actually placed in
11 the position." (Id.) The position was eventually filled "with an
12 Acting [Assistant Chief Counsel]." (Id.)

## II.   LEGAL STANDARDS

14 "To survive a motion to dismiss, a [pleading] must
15 contain sufficient factual matter, accepted as true, to 'state a
16 claim to relief that is plausible on its face.'" Ashcroft v.
17 Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.
18 Twombly, 550 U.S. 544, 570 (2007)). "A claim is facially
19 plausible 'when the plaintiff pleads factual content that allows
20 the court to draw the reasonable inference that the defendant is
21 liable for the misconduct alleged.'" Somers v. Apple, Inc., 729
22 F.3d 953, 959 (9th Cir. 2013) (citation omitted). "Plausibility
23 requires pleading facts, as opposed to conclusory allegations."
24 Id. "Factual allegations must . . .  raise a right to relief
25 above the speculative level." Twombly, 550 U.S. at 555. that,

26 Further, Rule 12(e) prescribes, *inter alia*: "A party
27 may move for a more definite statement of a pleading to which a
28 responsive pleading is permitted but which is so vague or

3

ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . . [T]he motion . . . must point out the defects complained of and the details desired."

### III. DISCUSSION

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The FEHA also prohibits an employer from discriminating against an employee "because of [the employee's] . . . race, religious creed, [or] national origin." Cal. Gov. Code § 12940(a). "California courts apply the Title VII framework to claims brought under FEHA." Metoyer v. Chassman, 504 F.3d 919, 941 (9th Cir. 2007).

"For discriminatory promotion, the plaintiff must show: 1. he is a member of a class protected by Title VII; 2. he was qualified for the position sought; 3. he was denied the promotion; and 4. individuals outside of the protected class were promoted." Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 672 (9th Cir. 1988).

**(a)  Count 1**

Defendant seeks dismissal of Plaintiff's count 1, in which Plaintiff alleges he was discriminated against in violation of the FEHA based on his national origin, gender, and religion, when Defendant failed to promote him to a positon for which he applied. Plaintiff's specific allegations in count 1 are the following:

In June of 2013, [P]laintiff occupied a

4

> limited term Attorney III position on the [MHSUD] team[; h]e applied for an Assistant Chief Counsel . . . position on that team when that position was advertised in June of 2013[; and h]e was not selected for that position[, even though he] was clearly better qualified than the selectee, a <u>Jewish woman</u> with just one year of experience in [another state agency.] Plaintiff . . . had occupied an Attorney III position on the MHSUD team for well over a year at that point, had repeatedly been praised for his work, and had been with DHCS for almost eight years.

(Compl. ¶ 7) (emphasis added). Plaintiff has not alleged that the selected "Jewish woman's" national origin is different from Plaintiff's national origin. Therefore, the portion of Defendant's motion challenging national origin discrimination in count 1 is granted.

### (b) Counts 2 and 3

Defendant seeks dismissal of counts 2 and 3, in which Plaintiff alleges he was discriminated against based on his national origin, gender, and religion under Title VII and the FEHA, respectively, as follows:

> On November 22, 2013, [P]laintiff's supervisor Lisa Velazquez told him she would not transition the Limited Term appointment he had occupied for approximately two years to a permanent appointment, even though the position had been made a permanent position, as had been standard practice. This was the [MHSUD] . . . Attorney III position. Velazquez told plaintiff he would be demoted to an Attorney I on another team.
>
> Velazquez originally justified her decision on the assertion that [P]laintiff had, in filling out certain forms on-line, failed to indicate that he wanted a permanent appointment to an Attorney III position. That assertion was false. Later, after [P]laintiff complained about Velazquez's discriminatory treatment in failing to transition [P]laintiff's appointment into a permanent appointment, Velazquez changed her story,

5

|   |   |
|---|---|
| 1 | asserting that personnel rules prohibited her from transitioning [P]laintiff into a permanent Attorney III position without further competition, which was not only a fundamentally different explanation than that originally articulated, but also false. Plaintiff is informed and believed and therefore alleges that, after [P]laintiff complained about this discriminatory conduct on the part of Velazquez, the State of California disciplined Velazquez for her discriminatory conduct towards plaintiff. |

(Compl. ¶ 11.)

Defendant argues these are conclusory allegations that "fail[] to allege that anyone similarly situated but not in [Plaintiff's] protected class[es of gender, national origin, and religion] was . . . transfer[ed]" to a permanent position; and that [P]laintiff has failed to allege any facts to indicate that any decisions not to transfer him were because of his gender, national origin or religious creed." (Mot. 4:16-19.) Plaintiff does not allege facts supporting his conclusion that he was discriminated against based on his gender, national origin, or religion. Therefore, the portion of Defendant's motion challenging counts 2 and 3 is granted.

**(c)  Counts 4 and 5**

Defendant seeks dismissal of counts 4 and 5, in which Plaintiff alleges that when Defendant failed to select him for an Attorney III position on the MHSUD team, it discriminated against him based on his national origin, gender, and religion; and therefore, violated Title VII and the FEHA. Plaintiff alleges in these counts that "all three selectees [for the Attorney III position] were women." (Compl. ¶ 17) (emphasis added). However, Plaintiff also states he "does not know" the religion of the

6

female selectees, (Id. ¶ 17), and he says nothing about each selectee's national origin. Therefore, the portion of Defendant's motion challenging Plaintiff's allegations of discrimination based on religion and national origin in counts 4 and 5 is granted.

**(d)   Counts 8 and 9**

Defendant seeks dismissal of counts 8 and 9, in which Plaintiff alleges Defendant's failure to select him for a position on the HCDS team constitutes discrimination based on his national origin, gender, and religion proscribed by Title VII and the FEHA, since he "was clearly better qualified than the woman who was selected." (Compl. ¶ 29.)(emphasis added). However, Plaintiff has not alleged facts supporting his allegations of discrimination based on religion and national origin. Therefore, the portion of Defendant's motion challenging Plaintiff's allegations of discrimination based on religion and national origin in counts 8 and 9 is granted.

**(e)   Counts 12 and 13**

Defendant seeks dismissal of counts 12 and 13, in which Plaintiff alleges gender, national origin, and religious discrimination under Title VII and the FEHA based on Defendant's failure to select him as Assistant Chief Counsel for the HCDS team, and its selection of "a woman with no [relevant] experience" for that position who "was never actually placed in the position" since Defendant ultimately filled the "position with an Acting [Assistant Chief Counsel]." (Compl. ¶¶ 39-40.) Plaintiff has not alleged facts concerning the alleged national origin and religious discrimination in these counts. Therefore,

7

the portion of Defendant's motion challenging Plaintiff's allegations of national origin and religious discrimination in counts 12 and 13 is granted.

**(f)  Defendant's Motion for a More Definite Statement**

Defendant also argues it is entitled to a more definite statement under Rule 12(e) as to any unchallenged claim in the dismissal motion and any claim that is not dismissed. This motion is denied because Defendant has not sufficiently "point[ed] out the defects complained of and the details desired" as required by Rule 12(e).

## IV.  CONCLUSION

For the stated reasons, the portion of count 1 alleging national origin discrimination is dismissed; the portion of counts 2 and 3 alleging national origin, religion and gender discrimination are dismissed; and the portion of counts 4 and 5, 8 and 9, and 12 and 13, alleging national origin and religious discrimination are dismissed.  Further, Defendant's request for a more definite statement under Rule 12(e) is denied.

However, Plaintiff is granted ten days leave from the date on which this Order is filed to file an amended complaint that addresses the stated deficiencies in any dismissed claim.

Dated:  July 14, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge